MACDONALD (BANK OF THE UNITED STATES v.). See Case No. 925.

McDONALD (BIRDSALL v.). See Case No. 1,434.

### Case No. 8,757.

MACDONALD v. BLACKMER et al.

[4 Ban. & A. 78.] [1]

Circuit Court, D. Massachusetts. Dec., 1878.

PATENTS—DELAY IN APPLYING—DATING BACK.

The complainant applied for a patent in 1873, which was granted September 29th, 1874. She testified that the invention was made in 1861. There was nothing improbable in her testimony, and no contradictions or circumstances were prov-

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

ed to bring it into doubt, excepting the time which was permitted to pass before the patent was applied for, and that delay was plausibly explained. *Held*, that the invention should date back to 1861.

[Cited in Macdonald v. Shepard, Case No. 8,-767. Followed in Macdonald v. Sidenberg, Id. 8,768.]

[This was a bill in equity by Helen Marie Macdonald against S. M. Blackmer and others for the alleged infringement of a patent skirt protector. There was a decree in favor of plaintiff (Case No. 8,758), after which the court, upon a rehearing, allowed defendants to file a supplemental answer and take evidence. The case is now heard upon the original papers,. together with the supplemental answer and new evidence taken.]

Benj. F. Butler, for complainant.
Jabez S. Holmes, for defendants.

LOWELL, District Judge. After an interlocutory decree had been entered for the complainant, Judge Shepley entertained a petition for a rehearing, so far as to permit the respondents to file a supplemental answer, setting up a patent which had come to their knowledge after the former hearing, and which they considered important, not only on the state of the art, but as rendering the complainant's patent void. The decree was not set aside. but the fact of the patent, and whatever evidence was necessary in connection with it, were permitted to be introduced into the case.

The hearing now has been on the question of vacating the decree, and rendering one for the respondents. The plaintiff's patent, granted September 29th, 1874, No. 155,534, is for a skirt protector, as a new article of manufacture, bound with or composed of enameled cloth, or other waterproof material.

A skirt protector, in this sense, means a strip of the described material made and sold by itself, and intended to be sewed to the rear part, and on the inside of a skirt which would otherwise touch the ground, and, by extending a little below the edge of the skirt, to protect it from dirt and wet. The patent says, that protectors of "wigan," which is a different material and not so useful as enameled cloth or a waterproof material, were old. Two months after the grant, the patentee disclaimed skirt facings as old.

The patent now introduced was granted to Thomas B. De Forest, January 15th, 1867, for a binding for skirts, presenting an India rubber or similar flexible edge, which is intended to protect the skirt. This binding. like the facing, is a part of the skirt, and while it undoubtedly acts to protect the remainder of the skirt, is specifically different in its operation and its advantages from a separate piece of cloth intended to be attached to a skirt, and, if an old facing did not destroy the patent, I do not see why an old binding should have that effect.

Again, in the original case, the plaintiff testified that she made her invention in 1861 or

1862, and she gave reasons for not applying for a patent until 1873. There was, on the part of the defendants, evidence which, if believed, proved that the plaintiff was not the first inventor, if her application was the true date of her discovery. The defendants argued that the plaintiff was mistaken or untrustworthy in carrying back her invention, and the complainant argued that the witnesses who spoke of the prior use were not to be believed. Unfortunately, Judge Shepley, while holding that the plaintiff was the original inventor, does not say whether he arrives at this conclusion by believing the plaintiff as to the date of her invention, or by disbelieving the witnesses against her who testified to the protectors which they had seen as early as 1864. One or the other he must have done.

The patent. now produced, cannot be disbelieved, and therefore, on this point, I am obliged to decide whether the plaintiff has proved what she undertakes to prove concerning the date of her invention. It is an embarrassing question. Very few persons were likely to know of the plaintiff's alleged protectors, made in 1861-2 because they were used only by herself, and there is no pretence of any public use or sale. It is probably impossible, at this time, to support, or to contradict, the plaintiff's own statement by direct testimony. There is, however, nothing in it which is improbable, and no contradictions or circumstances are proved to bring it into doubt, excepting the time which was permitted to pass before the patent was applied for, and that delay is plausibly explained. I think it more probable that Judge Shepley, in deciding for the plaintiff, considered her evidence on this point to be true, than that he discredited the considerable body of proof tending to show an anticipation by others.

Mr. Leggett, commissioner of patents, expressed the opinion that the plaintiff's invention was made in 1861 (Macdonald v. Chase. 6 O. G. 359); and I am of the same opinion. The DeForest invention, therefore, was later than that of the plaintiff.

Decree to stand.

[For other cases involving this patent, see note to MacDonald v. Blackmer, Case No. 8,758.]